STATE OF NORTH CAROLINA v. QUANTE SEWARD

No. 174PA07

(Filed 7 March 2008)

**Homicide— first-degree murder—Rule 24 hearing—judge's declaration of trial as noncapital—consideration of evidence of guilt**

While trial courts have the authority following a Rule 24 conference to declare a defendant's trial noncapital based on the prosecution's failure to forecast the existence of evidence of an aggravating circumstance, the trial court in the instant case exceeded its authority by considering the sufficiency of the evi-

**STATE v. SEWARD**

[362 N.C. 210 (2008)]

dence of defendant's guilt of first-degree murder. Accordingly, the trial court's order is reversed, and this case is remanded to the superior court to hold another Rule 24 conference and render a decision not inconsistent with this opinion. Rule 24, General Rules of Practice for the Superior and District Courts.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order dated 26 March 2007 by Judge Carl R. Fox in Superior Court, Warren County, denying the State's request to try defendant capitally. Heard in the Supreme Court 13 November 2007.

*Roy Cooper, Attorney General, by Amy C. Kunstling, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for defendant-appellee.*

BRADY, Justice.

In this case we must determine the extent of the trial court's authority in conferences governed by Rule 24 of the General Rules of Practice for the Superior and District Courts to examine the existence of evidence of aggravating circumstances. We conclude that a trial court has the authority to declare a case noncapital following a Rule 24 conference based upon a finding that there exists no evidence of an aggravating circumstance. In its analysis, however, the trial court may not weigh the sufficiency of the evidence of the underlying charge of first-degree murder. Here, the trial court exceeded its authority by declaring a case noncapital based upon its view of the insufficiency of the evidence of defendant's guilt of the underlying charge of first-degree murder. Accordingly, we reverse and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

The Warren County Grand Jury returned true bills of indictment on 25 September 2006 charging defendant Quante Seward with the first-degree murder and attempted robbery with a dangerous weapon of Michael Leonforte.[1] On 4 October 2006, the prosecution filed a notice of hearing pursuant to Rule 24, which requires a pretrial conference in every case in which the defendant is charged with a crime punishable by death. On 26 March 2007, the Rule 24 conference was held in the Superior Court, Warren County.

---

1. On 27 November 2006, the Grand Jury returned a superseding first-degree murder indictment against defendant.

**STATE v. SEWARD**

[362 N.C. 210 (2008)]

During the conference, the prosecutor proffered a brief forecast of the facts of the case:

> If Your Honor please, the facts as indicated by the many witnesses in this case, none of which said exactly the same thing, but essentially creating a picture wherein the facts show that in the early September evening—I can't remember the exact date. But anyway, the first week of September, the victim in this case, Mr. Michael Leonforte was traveling home from his Basic Law Enforcement Training program. He was an employee of the Sheriff's Department at that time, and completed the school, or would have completed it shortly after this occurred. He came, as he was going home, he was on a road right outside the town of Norlina, where there was a ditch on the side of the road, and a number of people in the road on the left side as he was traveling on the right side. In front of him was a vehicle blocking his vehicle. He had a—the people get in the ditch, but he eventually got them to move so he could go around the truck. As he went around the truck, two persons approached his vehicle, and the State would contend that the evidence would show that an attempt was made to rob him. This defendant, even by his own statement, was the first person that went to the vehicle. And that during the course of the robbery, one gunshot was fired into the vehicle and one was shot—of course, one shot struck Mr. Forte's [sic] body causing his death. The person shooting, doing the shooting, was Montellus Burchette, who is the co-defendant in this case. We also have him charged in this matter.

The trial court then inquired about the number of shots fired into Mr. Leonforte's vehicle, to which the prosecutor replied:

> There were two shots fired into the vehicle. Mr. Leonforte was in the vehicle and was shot in the vehicle. There was one shot that hit into the vehicle, and a shot into the body. And there's some evidence of a third shot, but there's no indication on the truck itself with regard to the pickup truck that was shot into.

The trial court then requested that the prosecutor forecast evidence of attempted robbery with a dangerous weapon. The prosecutor related statements given by witnesses to the alleged crimes:

> There were statements from witnesses, for example, Dexter Boyd, "It looked like Quant and Deshawn were trying to rob the white man in the green truck." This particular witness testified to

what happened. There was another young lady that testified—well, didn't testify, made the statement that the co-defendant, Mr. Burchette, with whom we contend this defendant was acting, said that he was going to rob and kill somebody. She said that they were talking and she heard a gun, which is co-defendant's street [sic] say, "He needs to kill him a nigger, and he needs to rob somebody[.]"

The prosecutor further stated that one of the co-defendants yelled during the altercation "Give it up. Give it up." When asked to identify aggravating circumstances to support a death sentence, the prosecutor indicated the State would decide the exact theory at a later time, but that there was evidence of at least two aggravating circumstances—defendant committed the murder during the course of the attempted robbery and the murder was committed at great risk of death or bodily harm to others as a result of use of a weapon or device. *See* N.C.G.S. § 15A-2000(e)(5), (10) (2007). The trial court expressed doubt as to the admissibility of the State's forecasted evidence and entered an order ruling that the State may not proceed capitally against defendant. The State petitioned this Court for issuance of a writ of certiorari to the superior court, and this Court allowed the State's petition on 3 May 2007.

## ANALYSIS

The State contends that trial courts lack the authority to declare cases noncapital at Rule 24 hearings. We disagree.

In 1994, pursuant to N.C.G.S. § 7A-34, this Court promulgated Rule 24 of the General Rules of Practice for the Superior and District Courts, which "provides a simple, bright-line rule, requiring prosecutors to petition for a special pretrial conference in *all* capital cases." *State v. Matthews*, 358 N.C. 102, 110, 591 S.E.2d 535, 541 (2004). Rule 24 provides:

There shall be a pretrial conference in every case in which the defendant stands charged with a crime punishable by death. No later than ten days after the superior court obtains jurisdiction in such a case, the district attorney shall apply to the presiding superior court judge or other superior court judge holding court in the district, who shall enter an order requiring the prosecution and defense counsel to appear before the court within forty-five days thereafter for the pretrial conference. Upon request of either party at the pretrial conference the judge may

for good cause shown continue the pretrial conference for a reasonable time.

At the pretrial conference, the court and the parties shall consider:

(1) simplification and formulation of the issues, including, but not limited to, the nature of the charges against the defendant, and the existence of evidence of aggravating circumstances;

(2) timely appointment of assistant counsel for an indigent defendant when the State is seeking the death penalty; and

(3) such other matters as may aid in the disposition of the action.

The judge shall enter an order that recites that the pretrial conference took place, and any other actions taken at the pretrial conference.

This rule does not affect the rights of the defense or the prosecution to request, or the court's authority to grant, any relief authorized by law, including but not limited to appointment of assistant counsel, in advance of the pretrial conference.

Gen. R. Pract. Super. & Dist. Cts. 24, 2008 Ann. R. N.C. 25.

This Court explained the purpose of Rule 24 in *State v. Chapman*:

The pretrial conference is an administrative device intended to clarify the charges against the defendant and assist the prosecutor in determining whether any aggravating circumstances exist which justify seeking the death penalty. Capital defendants do not stand to lose or gain any rights at the conference. . . .

. . . .

While Rule 24 requires the trial court and the parties to consider the existence of evidence of aggravating circumstances, nothing in the rule intimates that the prosecution must enumerate with finality all aggravating circumstances it will pursue at trial. . . . In fact, a trial court cannot require the prosecution to declare which aggravating circumstances it will rely upon at the punishment phase.

342 N.C. 330, 338-39, 464 S.E.2d 661, 666 (1995) (citing *State v. Holden*, 321 N.C. 125, 153, 362 S.E.2d 513, 531 (1987), *cert. denied*,

STATE v. SEWARD

[362 N.C. 210 (2008)]

486 U.S. 1061 (1988)), *cert. denied*, 518 U.S. 1023 (1996). While the trial court cannot require the district attorney to state with finality the aggravating circumstances that the prosecution will attempt to prove at a later penalty proceeding, the trial court's function in a Rule 24 conference is very similar to the "gatekeeping" function commended by this Court in *State v. Watson* a decade before adoption of Rule 24. 310 N.C. 384, 312 S.E.2d 448 (1984). In *Watson*, the defendant submitted a pretrial motion asking the trial court to determine whether the State's proposed evidence supporting the alleged aggravating circumstance was insufficient as a matter of law. *Id.* at 387-88, 312 S.E.2d at 451-52. The trial court determined that the forecasted evidence was insufficient as a matter of law to support the proposed aggravating circumstance and declared the case noncapital. *Id.* at 388, 312 S.E.2d at 452. This Court stated: "We do not here question or consider the correctness of this ruling. We do commend this procedure for its judicial economy and administrative efficiency." *Id.*

Thus, what became known as a *Watson* hearing was often utilized in capital cases. *See State v. Hunt*, 357 N.C. 257, 264-65, 582 S.E.2d 593, 598, *cert. denied*, 539 U.S. 985 (2003). "At the [*Watson*] hearing, the trial court must determine whether there is any evidence of the aggravating circumstances defined by N.C.G.S. § 15A-2000(e)." *Id.* at 265, 582 S.E.2d at 598 (citing *State v. Blake*, 317 N.C. 632, 634 n.1, 346 S.E.2d 399, 400 n.1 (1986)). While Rule 24 conferences permit trial courts to consider the prosecution's proffer of the factual basis for a sentence of death, *Watson* hearings provide an excellent opportunity for trial courts to evaluate the proposed evidence of aggravating circumstances and the testimony of subpoenaed witnesses, along with the memoranda of law and oral arguments of the parties. Nothing in Rule 24 supplants the judicial efficiency and efficacy of *Watson* hearings, although these hearings are somewhat similar to a Rule 24 conference. As indicated by *Hunt*, the duty of the trial court in Rule 24 conferences is similar to that of a *Watson* hearing, as "[t]he parties to a capital prosecution *must* consider the existence of aggravating circumstances at the Rule 24 hearing." *Id.* at 277, 582 S.E.2d at 606. Accordingly, if the prosecution's forecast of evidence at the Rule 24 conference does not show the existence of at least one aggravating circumstance, we hold the trial court may properly declare the case noncapital since a defendant may not receive a sentence of death in the absence of an aggravating circumstance. *See* N.C.G.S. § 15A-2000(c) (2007).

STATE v. SEWARD

[362 N.C. 210 (2008)]

The trial court may not, however, declare a case noncapital on the basis of the sufficiency of the State's forecast of evidence on the underlying charge of first-degree murder. This limitation on the trial court's authority stems directly from the provisions of the Criminal Procedure Act and the procedural posture of a Rule 24 conference.

The text of Rule 24 provides for a pretrial conference only after a defendant has been indicted for first-degree murder. Gen. R. Pract. Super. & Dist. Cts. 24 (providing for "a pretrial conference in every case in which the defendant stands charged with a crime punishable by death"); see N.C.G.S. § 15-144 (2007) (indictment of capital defendants). Consequently, by the time a Rule 24 conference is held, a grand jury has already safeguarded defendant's due process rights with respect to this charge. See Hunt, 357 N.C. 257, 582 S.E.2d 593 (holding that the process of indictment by grand jury pursuant to N.C.G.S. § 15-144 adequately safeguards a defendant's rights under the federal and state constitutions). Thus, the purpose of Rule 24 is not to provide the trial court with an opportunity to second-guess the grand jury's determination as to the charge of first-degree murder. See N.C.G.S. § 15A-624(a) (2007) (providing that "[t]he grand jury is the exclusive judge of the facts with respect to any matter before it"). Indeed, the provisions of the Criminal Procedure Act dictate that once the grand jury has determined the sufficiency of evidence to support a charge, the trial court may not pass on the sufficiency of that evidence again until after the State has had an opportunity to present its case-in-chief. Id. §§ 15A-955 (limiting grounds on which an indictment may be dismissed and omitting sufficiency of the evidence to sustain a conviction as a possible basis), -1227 (2007) (providing that a motion for dismissal for insufficiency of the evidence to sustain a conviction may not be made earlier than "[u]pon close of the State's evidence").

As a result, it is critical for purposes of a Rule 24 conference to distinguish between the charge of first-degree murder and the aggravating factors supporting a sentence of death for a conviction on such a charge. Rule 24 directs the trial court to "consider . . . the existence of evidence of aggravating circumstances" that would permit a sentence of death under N.C.G.S. § 15A-2000(c). Gen. R. Pract. Super. & Dist. Cts. 24. The rule does not permit a trial court to declare a case noncapital based upon a weighing of the sufficiency of the State's forecast of evidence of guilt of the underlying first-degree murder charge.

Here, the record confirms that the trial court went beyond the scope of a Rule 24 conference by declaring defendant's case noncapital based on the sufficiency of the State's forecast of evidence on the underlying charge of first-degree murder. In support of its order declaring defendant's case noncapital, the trial court made two conclusions of law:

1. The State failed to produce sufficient evidence that the defendant was a co-conspirator, principal in fact, principal acting in concert, or aider and abettor in the commission of the felony of First-Degree Murder acting together with his co-defendant.

2. Because there is no admissible evidence that the defendant was a co-conspirator, principal in fact, principal acting in concert, or aider and abettor in the commission of the felony of First-Degree Murder acting together with his co-defendant, it is irrelevant that there may exist an Aggravating Circumstance against his co-defendant who is charged with crimes arising out of these events.

These conclusions do not track the (e)(6) or (e)(10) aggravators on which the State sought to proceed. *See State v. Jennings*, 333 N.C. 579, 621, 430 S.E.2d 188, 210 ("The gravamen of the [(e)(6)] aggravating circumstance is that the killing was for the purpose of getting money or something of value." (internal quotation marks and citation omitted)), *cert. denied*, 510 U.S. 1028 (1993), *quoted in State v. Parker*, 350 N.C. 411, 435, 516 S.E.2d 106, 122 (1999), *cert. denied*, 528 U.S. 1084 (2000); *see also State v. Davis*, 349 N.C. 1, 48-49, 506 S.E.2d 455, 481 (1998) (explaining that the (e)(10) circumstance concerns whether the murder weapon "in its normal use is hazardous to the lives of more than one person and whether a great risk of death was knowingly created" (citation omitted)), *cert. denied*, 526 U.S. 1161 (1999). Instead, the trial court's conclusions solely address the State's theory of accomplice liability "in the commission of the felony of First-Degree Murder," the charge underlying these aggravators. Accordingly, the trial court exceeded its authority under Rule 24 by declaring defendant's case noncapital based on the sufficiency of the State's forecast of evidence to support the underlying charge of first-degree murder.

Therefore, while trial courts have the authority to declare a defendant's trial noncapital because of the prosecution's failure to forecast the existence of evidence of an aggravating circumstance,

the trial court in the instant case exceeded its authority by considering the sufficiency of the evidence of defendant's guilt of first-degree murder. Accordingly, the trial court's order is reversed, and this case is remanded to the Superior Court, Warren County with instructions for that court to hold another Rule 24 conference and render a decision not inconsistent with this opinion.

REVERSED AND REMANDED.